UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MOLTON, ALLEN & WILLIAMS LLC,**

    **Plaintiff,**

v.                                                      Case No. 3:12cv66/MCR/EMT

**RICHARD E. DANIELS, an Individual,
SHELBY E. DANIELS, and Individual,
and DANIELS COMMERCIAL
INSURANCE, LLC,**

    **Defendants.**

_____/

## **TEMPORARY RESTRAINING ORDER**

    This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Memorandum of Law filed on February 10, 2012.  Plaintiff seeks a temporary restraining order under Fed. R. Civ. P. 65 and Florida law.  The Court has reviewed the motion and memorandum, as well as the Verified Complaint.

    Plaintiff has presented a verified complaint indicating that Defendants had access to Plaintiff's confidential and proprietary business information, including customers lists, customer information and pricing.  At least one Defendant, Richard Daniels, entered into a contract with Plaintiff that specifically prohibited him from publishing, disclosing or using for his own benefit, Plaintiff's confidential and proprietary information.  It alleges that prior to their resignations from Plaintiffs, Richard Daniels and Shelby Daniels accessed Plaintiff's computer system and deleted over 8,000 documents and folders and sent emails to their personal email addresses with Plaintiff's confidential customer information, and that Defendants are now using that same information to compete with Plaintiff for Plaintiff's customers, including Plaintiff's largest customer in Pensacola, Florida.

    The verified complaint indicates that Defendants have either breached or have

threatened to breach their obligations to Plaintiff, thereby causing Plaintiff immediate and irreparable harm; and that Defendants either tortiously interfered or have threatened to tortiously interfere with Plaintiff's business relationships, thereby causing Plaintiff immediate and irreparable harm.  This evidence is sufficient to warrant the issuance of a temporary restraining order before Defendants can be fully heard in opposition because the verified injury will continue in the absence of an immediate temporary restraining order.

The Court finds that Plaintiff has shown a meaningful risk of irreparable harm in the absence of a TRO. The injuries Plaintiff faces include: (1) disclosure of confidential and proprietary business and customer documents and data, and other confidential information; (2) loss of confidentiality of clients' records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation; (3) damage to legitimate business interests and a threat to the enforcement of contracts; and (4) present and future economic loss.

Plaintiff's attorney has represented that the Defendants and their attorney have been notified.  The temporary restraining order will be granted prior to the hearing in order to preserve the status quo.

The Court finds that the motion is due to be granted.  The Temporary Restraining Order is effective immediately and will remain in effect through and including February 24, 2012, at 6:00 p.m.  Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

Based on the unique facts of this case, the Court concludes that no security is required under Federal Rule of Civil Procedure 65, at this point in the proceedings, especially since the purpose of the Motion is to maintain the status quo. See Johnston v. Tampa Sports Authority, 8:05-cv-2191, 2006 U.S. Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006) ("[T]he bond requirement of Rule 65(c) is appropriately waived in certain circumstances.").  Should Defendants make a showing that security is appropriate for the issuance of further injunctive relief, this Court will give further consideration to the matter of security.

During the pendency of the TRO:

1) Defendants are enjoined from breaching contractual duties and obligations between Plaintiff and Richard E. Daniels;

2) Defendants are enjoined from disclosing, misappropriating, or converting of Plaintiff's confidential and proprietary information;

3) Defendants are enjoined from tortious interference with Plaintiff's relationships with its customers;

4) Defendants are enjoined from entering into contractual or business relationships with Plaintiff's existing and prospective customers; and

5) Defendants are enjoined from deleting or destroying Plaintiff's proprietary information stored on any home or company computer/email account over which any Defendant has possession, control or access.

Plaintiff shall immediately provide by email, facsimile and regular mail a copy of this TRO to counsel for Defendants, if counsel is known, or, if counsel is not known, directly to Defendants.

Accordingly:

(1) Plaintiff's Emergency Motion for a Temporary Restraining Order is GRANTED consistent with the terms outlined above.

(2) The Temporary Restraining Order is effective immediately and will remain in effect through and including February 24, 2012, at 6:00 p.m., unless the TRO is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

(3) Plaintiff shall immediately provide a copy of this Temporary Restraining Order to Defendants as outlined above.

(4) Plaintiff's request for a Preliminary Injunction, is hereby set for a hearing in Courtroom 5 at 4:00 p.m. on February 17, 2012.

**DONE AND ORDERED on this 10th day of February, 2012, at 6:0 p.m.**

                          s/ *M. Casey Rodgers*
                          **M. CASEY RODGERS**
                          **CHIEF UNITED STATES DISTRICT JUDGE**